# WELCH & COMPANY
*v.*
# CENTRAL SAN CRISTOBAL, INC.

San Juan, Equity, No. 940.

IN THE MATTER OF THE CLAIM OF BARRIOLA & COMPANY.

Receivership—Operating Expenses.

>    Where rent has been increased in order to cover a right of way, the increase is in the nature of a purchase or original construction, and not of an operating expense for the six months preceding receivership.

Opinion filed December 14, 1914.

*Mr. H. G. Molina* for Barriola & Company.

*Mr. Chas. Hartzell* for the receiver.

HAMILTON, Judge, delivered the following opinion:

There was a claim filed by Barriola & Company which was referred to Special Master Brown and he held that the claim should not be allowed. Exceptions have been filed.

Barriola & Company had themselves leased a piece of land and they secured for the central a right of way over this and possibly some other land, and, in consideration of that, apparently the central increased its rent by $300 a year. This is a claim

Welch & Co. v. Central San Cristobal.

for $180, being one-half year's payment and a month or two additional.

The question is, Was this an operating expense before the receivership or was it a purchase or securing of a right of way, a matter analogous to original construction?

The question, if new, might not be entirely free from doubt, but it seems to the court that, under the rule in the case of the Fajardo Sugar Company's claim in this receivership, it should sustain the master. It would seem as though this is rather an expense of construction. The rent was increased as a consideration for what Barriola & Company had done in the way of getting an increase of facilities for the central, and not so much as an operating expense paid to Barriola & Company.

The report of the master is confirmed and the exceptions overruled.